# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARYEL P. OLIVER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil No. 07-358-MJR-PMF |
| | ) |
| SARAH M. REVELL, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**Frazier, Magistrate Judge:**

This case is before the Court on Daryel P. Oliver's § 2241 petition for a writ of habeas corpus. At some point in time, Oliver committed a federal drug offense, was convicted in the U.S. District Court for the Northern District of Georgia, and was sentenced to serve a prison term and five years of supervised release. In May, 2001, Oliver began serving his supervised release. Jurisdiction was transferred to the Eastern District of Missouri in December, 2001.

In July, 2004, while Oliver was serving his term of supervised release, he violated the criminal laws of the state of Missouri. State charges were filed and bond was set at $120,000, secured. Oliver did not obtain his release by posting bond. In September, 2004, a petition to revoke Oliver's federal supervised release was prepared and a warrant was ordered. On September 10, 2004, the Missouri authorities processed a detainer from the U.S. Marshal and put a federal "hold" order into their system. Due in part to the federal detainer, Oliver was unable to secure pretrial release from the Missouri authorities.

In February, 2006, Oliver was sentenced in Missouri Circuit Court to serve concurrent 2-year prison terms on two counts of sexual assault. The Missouri authorities gave Oliver credit toward service of his state sentence for all of the time he spent in custody between July 22, 2004, and

February 9, 2006, a period of 567 days. The Missouri Department of Corrections directed Oliver to serve the remainder of his state sentence at an honor center, with state parole anticipated on July 21, 2006.

On March 1, 2006, before Oliver was paroled by the Missouri Department of Corrections, the United States Marshal took Oliver into federal custody on the basis of the detainer. On March 7, 2006, a federal judge found probable cause to hold Oliver on charges that he violated the terms of his supervised release. On March 24, 2006, Oliver's supervised release was revoked, and he was ordered to serve an additional 33 months in federal custody.

On April 21, 2006, Oliver was designated to serve his new federal term at FCI-Greenville, where he remains confined. In calculating Oliver's term, the Bureau of Prisons awarded credit for the periods between January 6 and 11, 1998, and March 1 and 23, 2006, for a total of 29 days. His release date is projected for July 18, 2008.

Oliver pursued the Bureau of Prisons' administrative remedy process. On August 28, 2006, a regional director reviewed Oliver's appeal and decided that he qualified for credit towards his sentence. In January, 2007, the regional director amended his response, finding that Oliver did not qualify for jail credit. Oliver was informed that a *nunc pro tunc* designation would be considered and that he would be advised of the outcome. The Office of the General Counsel denied Oliver's appeal. When Oliver sought additional relief, he was informed that the response from the Central Office was the final agency position.

Oliver seeks credit for 563 days in custody, based on the unreasonable amount of time he was held in custody due to the federal detainer before his supervised release was revoked. Respondent argues that Oliver's new federal term began on the date his supervised release was revoked, that he received all credit due, and that he is not entitled to credit for time that was awarded

against his state sentence.

A prisoner may bring a petition for a writ of habeas corpus under 28 U.S.C. § 2241(b)(3) when he is being held in federal custody in violation of the Constitution or laws of the United States. Prior custody time credit is controlled by 18 U.S.C. § 3585(b), which provides,

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
> 1) as a result of the offense for which the sentence was imposed; or
> 2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S. C. § 3585(b). The last clause of the statute has been interpreted as prohibiting awards of double credit. *See United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000).

Oliver stresses that the state charges were bailable offenses. He believes he could have secured his release by posting bond, but for the federal detainer. The materials on file show that bond was set on the state charges in July, and that Oliver was still in state custody when the federal detainer was lodged in September. The materials submitted do not show that Oliver posted a $120,000 secured bond at any time. Oliver was held on the federal detainer and state charges. Because Oliver received credit towards service of his state sentence for all of the time he was in custody before his supervised release was revoked, he has no statutory right to additional "double" credit.

Oliver points to other circumstances in support of his petition. He notes that his administrative remedy requests were handled in an unprofessional manner. The regional director awarded jail credit and then changed his finding months later. Some of Oliver's arguments in favor of additional credit were overlooked or ignored. Oliver believes the nature of his state crimes may have been improperly considered in reaching the decision to withhold an administrative remedy.

The Court of Appeals has indicated that equitable powers may be used in some circumstances. *See Smith v. Swope*, 91 F.2d 260 (9th Cir. 1937); *United States v. Croft*, 450 F.2d 1094 (6th Cir. 1971). Oliver did not suffer any inequity due to malfeasance, which might otherwise justify the exercise of equitable powers. *See Jake v. Herschberger*, 173 F.3d 1059, (7th Cir. 1999)(equitable powers not used when state delay in effectuating plea bargain resulted in longer sentence than intended).

IT IS RECOMMENDED that Daryel P. Oliver's § 2241 petition for a writ of habeas corpus (Doc. No. 1) be DENIED. This action should be dismissed with prejudice.

**SUBMITTED: January 14, 2008 .**

       *s/Philip M. Frazier*
       **PHILIP M. FRAZIER**
       **UNITED STATES MAGISTRATE JUDGE**